1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**
9                       **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   JESUS MARTINEZ,                          Civil No.      14CV1239 JLS (JLB)
     Reg. No. A095-795-978,
12
13                             Plaintiff,     **ORDER (1)  GRANTING MOTION
                                              TO PROCEED *IN FORMA***
14                                            ***PAUPERIS*; (2)  DENYING MOTION
                                              TO APPOINT COUNSEL; AND (3)**
15                    vs.                     **DIRECTING U.S. MARSHAL TO
                                              EFFECT SERVICE OF SUMMONS**
16                                            **AND COMPLAINT PURSUANT TO
     C/O NOBLAZA; C/O REID;                   28 U.S.C. § 1915(d) AND**
17   C/O HAYNES; C/O KITCHEN;                 **FED.R.CIV.P. 4(c)(3)**
     C/O PABLO; C/O VALLES;
18   C/O BURCIAGA; C/O FUENTES,
                                              **(ECF Nos. 2 and 3.)**
19                             Defendants.
20

21          Jesus Martinez ("Plaintiff"), a former immigration detainee at the San Diego

22   Correctional Facility ("CCA") in San Diego, and proceeding pro se, initiated this civil

23   action pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of*

24   *Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983/1985(3), and the Equal Access to

25   Justice Act, 5 U.S.C. § 504(a)(1), while he was detained at CCA.  (Complaint 1, ECF

26   No. 1.)

27          Plaintiff did not prepay the filing fee required to commence a civil action; instead,

28   he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

§ 1915(a).  (ECF No. 2.)  He also filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 3.)

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals" pursuant to the Prison Litigation Reform Act ("PLRA").  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886.

When he filed his Complaint, Plaintiff was an "immigration detainee in civil proceedings" and detained at the CCA.  *See* Compl. at 2, 5.  Therefore, because Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.  *See Agyeman*, 296 F.3d 885-86 (finding that

---

[1]   In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1   PLRA's filing fee requirements "do not apply to an alien detainee who proceeds in forma

2   pauperis . . . , so long as he does not also face criminal charges.").

3        Accordingly, the Court has reviewed Plaintiff's affidavit of assets and finds it is

4   sufficient to show that he is unable to pay the fees or post securities required to maintain

5   this action.  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

6                        **MOTION TO APPOINT COUNSEL**

7        Plaintiff also requests the appointment of counsel to assist him in prosecuting this

8   civil action because he is indigent, was in custody at the time his case was filed, and

9   therefore had limited access to the law library. (Mot. to Appt. Counsel 1, ECF  No. 3.)

10  Plaintiff also alleges he requires legal assistance conducting discovery, and that his case

11  "will likely involve conflicting testimony," and that trained counsel would be better

12  equipped to cross-examine his witnesses.  (*Id.* at 2.)

13       There is no constitutional right to counsel in a civil case.  *Lassiter v. Dept. of

14  Social Servs.*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1),

15  district courts have discretion to "request" that an attorney represent an indigent civil

16  litigant.  *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).   This

17  discretion is generally exercised only under "exceptional circumstances."  *Id.*; *see also

18  Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional

19  circumstances requires "an evaluation of the likelihood of the plaintiff's success on the

20  merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the

21  complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn

22  v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

23       At this preliminary stage of the proceedings, the Court declines to exercise its

24  discretion under § 1915(e)(1), and **DENIES** Plaintiff's Motion without prejudice.  As

25  explained below, Plaintiff appears capable of articulating the factual basis for his claims

26  and the legal basis for them does not appear particularly complex.  *Id.*  Moreover, while

27  the Court finds his Complaint sufficient to survive the mandatory screening required by

28  28 U.S.C. § 1915(e)(2), the likelihood of Plaintiff's ultimate success on the merits is not

yet clear. *Id.* Finally, Plaintiff's release from custody has relieved him from some of the obstacles of litigation which are necessarily inherent in a custodial setting. *See, e.g., Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc) (noting the "unique handicaps of incarceration" faced by pro se prisoner litigants).

Therefore, the Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### 1. Standard of Review

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal if it contains claims which are frivolous, malicious, or fail to state a claim upon which relief may be granted, or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

## 2. Analysis

In his Complaint, Plaintiff alleges eight CCA correctional officers, employed by the Immigration and Customs Enforcement Division of the U.S. Department of Homeland Security ("ICE"), failed to intervene as he was "physically assaulted and brutalized" by two fellow inmates in their presence on September 9, 2013. (Complaint 4, ECF No. 1.) Plaintiff further claims Defendants used excessive force while cuffing him after the attack, conspired to charge him with wrongdoing, and otherwise retaliated against him by denying him medical treatment, food, a shower, and access to the library based on his sexual orientation and because he exercised his First Amendment right to petition for redress via the "prison grievance system." (*Id.* at 4–8.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.[2] (*Id.* at 9.)

As currently pleaded, the Court finds Plaintiff's Complaint sufficient to state claims for relief which are "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Therefore, because Plaintiff has been granted leave to proceed IFP, it will order U.S. Marshal service upon Defendants on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States

---

[2] Because Plaintiff has filed a change of address indicating he is no longer in custody at CCA (ECF Doc. No. 5.), his claims for injunctive relief may be moot. *See Hartmann v. Cal. Dept. of Corrs. and Rehab.*, 707 F.3d 1114, 1119 n.1 (9th Cir. 2013).

1  marshal, or other officer specially appointed by the court . . . when the plaintiff is
2  authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

3                                        **CONCLUSION**

4        Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to
5  28 U.S.C. § 1915(a).  However, Plaintiff's Motion to Appoint Counsel is **DENIED**
6  without prejudice.

7        **IT IS FURTHER ORDERED** that: The Clerk is **DIRECTED** to issue a
8  summons as to Plaintiff's Complaint (ECF No. 1.) upon the Defendants and will forward
9  it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.[3]  In
10  addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a
11  certified copy of his Complaint and summons so that he may serve each Defendant.
12  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as
13  completely and accurately as possible, and to return them to the United States Marshal
14  according to the instructions provided by the Clerk in the letter accompanying his IFP
15  package.  The U.S. Marshal is thereafter directed to serve a copy of the Complaint and
16  summons upon Defendants as directed by Plaintiff on the USM Form 285s.  All costs of
17  service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P.
18  4(c)(3).

19        Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the
20  time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).[4]
21  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive

22  _____

23  [3]  Because Plaintiff alleges Defendants are federal officers employed by ICE, *see*
   Compl. at 2-4, he must also serve the United States.  *See* Fed. R. Civ. P. 4(i)(1), (3).  The
24  Clerk is hereby directed to include in Plaintiff's IFP package two separate copies of this
   Order, summons, Plaintiff's Complaint, and additional blank USM Form 285s for
25  Plaintiff's use in serving the United States via the United States Attorney for the
   Southern District of California and the Attorney General of the United States in
26  Washington, D.C.  *See* Fed. R. Civ. P. 4(i)(1)(A)(i), (B).

27  [4]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is
   cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a
28  defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.
   Cal. 2007).

the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff must also include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document filed was also served on Defendants, or counsel for Defendants, and the date of such service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  October 7, 2014

Honorable Janis L. Sammartino
United States District Judge